UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

           Plaintiff,

v.

GRETCHEN WHITMER, et al.,

           Defendant.

_____/

Case No. 2:26-cv-10233

HONORABLE STEPHEN J. MURPHY, III

## ORDER TRANSFERRING CASE

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections (MDOC), sued Defendants pursuant to 42 U.S.C. § 1983.  ECF No. 1. Plaintiff also filed an emergency motion to proceed *pro se* under a pseudonym and to seal his signature on filings. ECF No. 2. Plaintiff named four Defendants: Governor Gretchen Whitmer, MDOC Director Heidi Washington, Michigan Parole Board Chairperson Brian Shipman, and Philip Granish, a psychologist at Lakeland Correctional Facility in Coldwater, Michigan. He alleged that Defendants violated his rights under the First and Fourteenth Amendments and asserted state-law negligence claims.  For the following reasons, the Court concludes that venue is not proper in this district and will transfer the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

Venue is proper in "(1) the judicial district where any defendant resides, if all defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district

1

where any defendant may be found, if there is no other district in which the action may be brought." *Bunting ex rel. Gray v. Gray,* 2 F. App'x 443, 448 (6th Cir. 2001) (citing 28 U.S.C. § 1391(b)). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC,* 504 F. App'x 468, 472 (6th Cir. 2012).

Defendants Whitmer, Washington, and Shipman are public officials who serve in Ingham County and are therefore deemed to reside in that county for purposes of venue in a suit challenging their official acts. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Defendant Granish works in Coldwater, Branch County, Michigan. ECF No. 1, PageID.2. The events giving rise to Plaintiff's claims primarily occurred in Ingham and Branch Counties. Both counties lie within the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Because Defendants are in the Western District and the complaint concerns events primarily arising there, venue is not proper in the Eastern District.

If a court concludes that venue is improper, it has two options. It may dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 62–63 (2013) (citing 28 U.S.C. § 1404(a)).

Here, the interest of justice warrants transfer rather than dismissal. Given that Plaintiff is currently confined in prison, the Court finds that transferring rather than requiring Plaintiff to refile the case is the more convenient and just course of action. Accordingly, the Court will transfer the case to the Western District of Michigan. The Court will not rule on Plaintiff's *Ex Parte* Emergency Motion to Proceed Pro Se Pseudonymously and to Seal Signature on Filings, ECF No. 2, or the motion for limited representation, ECF No. 10. The Court also did not conduct screening of the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or 42 U.S.C. § 1997e(c).

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 7, 2026

3